798 F.2d 1409
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Juan Cortez WRIGHT, Appellant.
 No. 85-5024.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 24, 1986.
Decided Aug. 18, 1986.
 
 John F. Hardway, Deputy Federal Public Defender, on brief), for appellant.
 David J. Slattery, Assistant United States Attorney, for appellee.
 D.S.C.
 AFFIRMED.
 Before PHILLIPS, MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Juan Cortez Wright was convicted of possession of stolen mail pursuant to 18 U.S.C. 5 1708. He appeals, asserting the following challenges to his conviction:
 
 
 2
 (1) the district court erred in charging the jury regarding the inference arising from possession of stolen goods in that such a charge shifted the burden of proof from the prosecution to the defendant;
 
 
 3
 (2) the pretrial photo display was impermissibly suggestive; and
 
 
 4
 (3) the government failed to disclose to the defense that an earlier photo display had been shown to the identifying witness.
 
 
 5
 Wright's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no grounds for appeal.
 
 
 6
 We find no merit in any of the issues raised challenging Wright's conviction. The Supreme Court approved of a substantially similar jury charge in an earlier case. Barnes v. United States, 412 U.S. 837 (1973). The judge, in the charge, did remind the jury that the prosecution retains the burden of proof beyond a reasonable doubt. We find no error in the judge's jury instruction.
 
 
 7
 Nor do we find the photo display impermissibly sug gestive. See Simmons v. United States, 390 U.S. 377 (1968). All photos were of black men with mustaches or beards. Nor can Wright specify any improprieties in the manner the display was shown to the witness.
 
 
 8
 Finally, no error occurred when the government failed to disclose information that an earlier photo display had occurred, at which the witness did not identify anyone. See United -States v. Agurs, 427 U.S. 97 (1976). The government was unaware of the earlier display. Furthermore, no available evidence suggests that this information would have assisted Wright's defense.
 
 
 9
 In accordance with Anders, supra, we have independently reviewed the record and all pertinent papers. We have found no nonfrivolous grounds for this appeal and accordingly affirm the judgment below.
 
 
 10
 In the case of an unsuccessful appellant represented by appointed counsel, the responsibilities of the attorney are set forth in the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964. See 18 U.S.C. 5 3006A. These responsibilities include informing his client in writing of his right to petition the Supreme Court for a writ of certiorari. If requested by his client to do so, counsel should prepare a timely petition for such a writ and take such steps as are necessary to protect the rights of his client.
 
 
 11
 Because the record discloses no reversible error, we dispense with oral argument, grant the motion for summary af firmance, and affirm the conviction.